UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-CV-35 JAR |
| BETSY DEVOS, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

On February 18, 2020, pro se plaintiff Ronald Satish Emrit, a resident and citizen of Florida, filed a complaint naming as defendants the United States Department of Education, Secretary of the Department of Education, Betsy Devos, the Default Resolution Group, NelNet, and Action Financial Services, Inc. With the complaint he filed a motion to proceed in forma pauperis. For the reasons discussed further below, the Court will dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## Background

A search of the federal judiciary's Public Access to Court Electronic Records (PACER) service reveals that from February 7, 2019 through February 18, 2019, plaintiff filed nine virtually identical actions against the same defendants named herein. *See Emrit v. DeVos*, No. 2:20-MC-00316 (S.D. Tex. Feb. 10, 2020)[1][2]; *Emrit v. DeVos,* No. 1:20-CV-49-MJT-ZJH (ED Tex. Feb. 11, 2020); *Emrit v. DeVos,* No 1:20-CV-216-MC (D.OR Feb.10, 2020); *Emrit v. DeVos,* No. 1:20-CV-183-LJV (WD NY Feb. 10, 2020); *Emrit v. DeVos,* No. 8:20-CV-61-RGK-PRSE (D.Neb. Feb. 10, 2020); *Emrit v. DeVos,* No. 1:20-CV-20697-JLK (S.D. Fla. Feb.18, 2020); *Emrit v. DeVos,* No. 1:20-CV-34-AW-GRJ (N.D. Fla. Feb. 11, 2020); *Emrit v. DeVos,* No. 3:20-CV-115-BJD-JRK (MD Fla. Feb.7, 2020); *Emrit v. DeVos,* No. 1:20-CV-417-UNA (D.C. Feb. 11, 2020).

As an initial matter, Emrit's complaint could be transferred based on improper venue because his allegations contain no connection to the Eastern District of Missouri. However, while it would be expedient to transfer this case to a different venue, the undersigned concludes that the better course of action would be to dismiss the case at the outset rather than burden another court with a facially frivolous suit.

## Discussion

---

[1] This case was filed as a "related case" within the Southern District of Texas: *Emrit v. DeVos,* No. 2:20-CV-52 (S.D.Tex. Feb. 10, 2020).

[2] The allegations in the complaint are duplicative of the allegations plaintiff brought in the this case, which the Southern District of Texas dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's claims are subject to res judicata under § 1915. *E.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

Liberally construed, Emrit alleges in his complaint that, as a result of his student loans being placed in default, his disability checks are being improperly garnished at a rate of 15%. Based on this allegation, Emrit raises the following claims: (1) breach of contract; (2) violation of his equal protection rights under the Fifth and Fourteenth Amendments; (3) violation of his due process rights under the Fifth and Fourteenth Amendments; (4) violation of the privileges and immunities clause; (5) violation of 42 U.S.C. § 1983; (5) violation of Title VII of the Civil Rights Act of 1964; (6) violation of the Americans With Disabilities Act ("ADA"); (7) negligence; (8) intentional infliction of emotional distress; and (9) tortious invasion of privacy.

However, each of these claims is conclusory and patently frivolous. In each claim, Emrit recites the relevant law, but does not draw a connection between the factual allegations in his complaint and any of the legal claims.

First, Emrit does not identify any contract that has been breached. Second, Emrit's constitutional and Title VII claims are based on the fact that he is African-American, but he draws no connection between his race and the garnishment of his disability checks beyond the conclusory contention that he is entitled to strict scrutiny.

Third, while Emrit adequately alleges that he is disabled, his sole claim is that the garnishment of his disability checks violates the ADA, but there is no legal basis for this claim. (*Id.* at 18-19); *Lockhart v. United States*, 546 U.S. 142, 145-46 (2005) (stating that Social Security benefits are subject to government withholding to offset defaulted student loans).

Finally, Emrit's three tort claims for negligence, intentional infliction of emotional distress, and tortious invasion of privacy merely recite the legal standards for those claims and, even liberally construed, do not draw a connection between the necessary elements of each claim and his factual allegations.

Accordingly, because Emrit's allegations are conclusory and lack an arguable basis in law and fact, his complaint will be dismissed as frivolous under § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

Dated this 20th day of February, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE